| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL XI | | |
|---|---|---|
| OMAIRA M. CARDONA ALEMÁN<br><br>Peticionaria<br><br><br>v.<br><br><br>ÁNGEL AGRAMONTE NIEVES<br><br>Recurrido | KLAN202300843 | APELACIÓN **acogido como** *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2022RF01138 (708)<br><br>Sobre: Alimentos, Custodia, Patria Potestad |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de noviembre de 2023.

Comparece Omaira M. Cardona Román (señora Cardona Román o la Peticionaria) y solicita la revocación de la *Resolución* emitida y notificada el 12 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala de Menores de San Juan (TPI o foro primario) y de la Orden emitida y notificada en igual fecha. Mediante la *Resolución* del 12 de septiembre de 2023, el foro primario estableció en síntesis la custodia compartida del menor entre sus progenitores, la Peticionaria y el Sr. Ángel Agramonte Nieves (señor Agramonte Nieves o el Recurrido). Asimismo, mediante la *Orden* recurrida emitida en igual fecha, el TPI declaró Sin Lugar la *Moción en Cumplimiento de Orden Anunciando Perito y Reconsideración* presentada por la Peticionaria el 11 de septiembre de 2023.

Toda vez que la señora Cardona Alemán recurre de una resolución interlocutoria emitida por el TPI el 12 de septiembre de 2023, y de la subsiguiente *Orden* interlocutoria que le denegó su

Número Identificador

SEN(RES)2023_____

solicitud de reconsideración sobre varias órdenes interlocutorias previas, así como su solicitud de señalamiento de vista de impugnación de Informe Social, acogemos la Apelación presentada por ésta como una petición de *certiorari,* sin alterar su designación alfanumérica, y denegamos la expedición del auto de solicitado por la Peticionaria.

I

El trámite procesal del caso de epígrafe comenzó el 9 de septiembre de 2022, fecha en que la señora Cardona Román presentó Demanda en contra del señor Agramonte Nieves. Por virtud de la misma, solicitó la custodia monoparental de su hijo menor de edad A.D.A.C., nacido el 28 de julio de 2021 y alimentos para el menor.[1]

Tras varios incidentes procesales, el 13 de octubre de 2022, la Examinadora de Pensiones Alimentarias (EPA) celebró vista a la que comparecieron las partes. En esa misma fecha, la EPA emitió su Informe en el que recomendó una pensión alimentaria provisional de novecientos cincuenta dólares ($950.00) mensuales a favor del menor, a ser pagada por el señor Agramonte Nieves, padre no custodio. Surge del Informe, además, que el Recurrido no había presentado la Planilla Informativa de Pensión (PIPE).[2] Así las cosas, el 17 de octubre de 2022, el TPI emitió *Resolución* en la que acogió la recomendación de la EPA y estableció una pensión alimentaria provisional de novecientos cincuenta dólares ($950.00) mensuales a favor del menor, a ser pagada por el señor Agramonte Nieves.[3] En igual fecha, 17 de octubre de 2022, el foro primario emitió *Orden* en la que señaló vista presencial a celebrarse el 18 de noviembre de 2022.[4]

---

[1] Véase páginas 7-12 del Apéndice del *Certiorari.* (Entrada Núm. 1 de SUMAC)
[2] Véase páginas 31-32 del Apéndice del *Certiorari.* (Entrada Núm. 20 de SUMAC)
[3] Véase páginas 33-34 del Apéndice del *Certiorari.*
[4] Véase páginas 36 del Apéndice del *Certiorari.*

Cabe señalar, que el señor Agramonte Nieves no compareció a la vista pautada. Así las cosas, 18 de noviembre de 2022, el TPI declaró No Ha Lugar la solicitud de suspensión presentada por éste, señaló vista de desacato a celebrarse el 14 de diciembre de 2022 y emitió Sentencia en la que otorgó la custodia del menor a la señora Cardona Alemán y dispuso la patria potestad compartida con el señor Agramonte Nieves.[5] En la Sentencia emitida, el foro primario destacó que mediante *Resolución* de 17 de octubre de 2022, el TPI había establecido una pensión alimentaria provisional de novecientos cincuenta dólares ($950.00) mensuales a favor del menor y señaló vista de seguimiento presencial para el 7 de diciembre de 2022.[6]

Posteriormente, el 28 de noviembre de 2022, el señor Agramonte Nieves presentó *Urgentísima Moción de Reconsideración.*[7] En lo pertinente, aunque el Recurrido reconoció en la moción que las determinaciones sobre custodia y alimentos no constituyen cosa juzgada, éste destacó que por economía procesal solicitaba reconsideración de la Sentencia sobre aquellos extremos referentes a la custodia y relaciones filiales, además de solicitar que se aclare que la pensión que surge del documento era una provisional. En igual fecha, el Recurrido solicitó al foro primario transferencia de la vista presencial pautada para el 7 de diciembre de 2022.[8] Mediante Orden de 29 de noviembre de 2022, el TPI dejó sin efecto la vista pautada para el 7 de diciembre de 2022 y señaló vista presencial a celebrarse el 9 de enero de 2023.[9]

Asimismo, el 29 de noviembre de 2023, el TPI emitió *Orden* con relación a la solicitud de reconsideración presentada por el señor Agramonte Nieves, en la que dispuso que la misma sería

---

[5] Véase páginas 46-47 y la Minuta de la vista, a las páginas 48 y 49 del *Certiorari.*
[6] Véase página 50 del Apéndice del *Certiorari.*
[7] Véase páginas 51-53 del Apéndice del *Certiorari.*
[8] Véase página 54 del Apéndice del *Certiorari.* (Entrada Núm. 31 de SUMAC)
[9] Véase página 56 del Apéndice del *Certiorari.*

discutida en la vista del 9 de enero de 2023.[10]  Al respecto la señora Cardona Alemán presentó el 29 de noviembre de 2022 *Urgentísima Moción Solicitando Orden* en la que informó que el Recurrido aún no había presentado la PIPE juramentada ordenada en la Sentencia de 12 de septiembre de 2022 y en la vista celebrada el 13 de octubre de ese año, así como los documentos necesarios para la vista final de alimentos señalada para el 17 de enero de 2023.[11]  En dicha moción, la Peticionaria destacó además que el recurrido no compareció a varias vistas señaladas ya que continuaba solicitando transferencia de vistas. En consecuencia de ello, solicitó al TPI la imposición de sanciones económicas y que le ordenara al Recurrido la radicación de la PIPE juramentada en un término perentorio de cinco (5) días.  Sobre estos extremos, el 30 de noviembre de 2022, el TPI emitió Orden notificada al día siguiente, en la que dispuso mantener la vista para el 9 de enero de 2023 y concedió al señor Agramonte Nieves diez (10) días para presentar la PIPE.[12]

El 9 de enero de 2023, el foro primario celebró vista en la que escuchó el testimonio de las partes y estas acordaron no tener objeción a que se refiriera el caso a la Unidad Social de Relaciones de Familia y Asuntos de Menores  (Unidad Social) para atender la solicitud de custodia compartida presentada por el señor Agramonte Nieves.[13] En cuanto a la deuda de pensión alimentaria, las partes acordaron que se acreditara a ésta la suma de $1,614.87, depositados por el *Internal Revenue Service*  (*IRS*).  A esos fines, el 9 de enero de 2023, el TPI emitió *Orden* a la Unidad Social para la realización de un estudio social sobre custodia y custodia compartida.[14]

---

[10] Véase página 57 del Apéndice del *Certiorari.*
[11] Véase páginas 58-60 del *Certiorari.* (Entrada Núm.34 de SUMAC)
[12] Véase página 61 del *Certiorari.*
[13] Véase Minuta de la Vista celebrada el 9 de enero de 2023, páginas 63-64 del *Certiorari.*
[14] Véase página 62 del Apéndice del *Certiorari.*

El **20 de julio de 2023,** la Unidad Social rindió Informe Social Forense (Informe Social) en el que entre otros asuntos, recomendó la custodia compartida del menor entre ambos progenitores.[15] Mediante Orden de 24 de julio de 2023, notificada el 26 de julio de 2023, el foro primario hizo constar que el 20 de julio de 2023, se rindió el Informe Social y concedió a los abogados de las partes veinte (20) días para leer el Informe Social y expresarse en torno a éste.[16]

En conformidad con lo anterior, el 15 de agosto de 2023, el foro primario emitió *Resolución,* notificada al día siguiente, en la que estableció custodia compartida para el menor, entre sus progenitores, un plan de custodia compartida en semanas alternas de lunes a lunes y un proceso de terapia familiar dirigida a atender la comunicación y corresponsabilidad en el proceso de crianza, para lo cual emitió referidos a la Unidad Social.[17] Allí, además, el TPI ordenó a las partes informar al TPI el recurso seleccionado e hizo constar que el señor Agramonte Nieves cumplió con la orden previa emitida el 9 de agosto de 2023 y se expresó sobre el Informe Social, sin que la señora Cardona Alemán presentara escrito alguno u oposición al Informe Social.

El 16 de agosto de 2023, la señora Cardona Alemán presentó *Moción en Cumplimiento de Orden* en la que informó al foro primario que se proponía impugnar el Informe Social y **le solicitó al TPI un término adicional de veinte (20) días para anunciar el perito forense a contratarse**.[18] En vista de lo anterior, el 18 de agosto de 2023, el foro primario emitió *Resolución* en la que concedió a la Peticionaria cinco (5) días para anunciar el perito forense; dejó en suspenso la *Resolución* emitida el 15 de agosto de 2023, salvo los

---

[15] Véase páginas 102-130 del Apéndice del *Certiorari.*
[16] Véase página 132-133 del Apéndice del *Certiorari.*
[17] Véase página 143-148 del Apéndice del *Certiorari.*
[18] Véase páginas 141-142 del Apéndice del *Certiorari.*

referidos y ordenó, además, a las partes a cumplir con la *Orden* de *Señalamiento de Conferencia con Antelación a Vista Evidenciaria Sobre Impugnación de Informe Social* emitida en igual fecha.[19] En dicha *Orden* de *Señalamiento de Conferencia con Antelación a Vista Evidenciaria,* el TPI ordenó a las partes someter el Informe Preliminar entre Abogados en o antes del 11 de septiembre de 2023, so pena de sanciones, y señaló Vista de Conferencia para el 15 de septiembre de 2023.[20]

Así las cosas, el 24 de agosto de 2023, el señor Agramonte Nieves presentó *Moción en Solicitud Para Que Se Dicte Nueva Resolución.*[21] Allí alegó que el término concedido a la Peticionaria para anunciar el perito venció sin que dicha parte cumpliera con lo ordenado. Sostuvo, además, que su incumplimiento lo llevaba a concluir que la moción en la cual anunció que se opondría al Informe Social presentada por la Peticionaria era frívola, por lo que solicitó al foro primario que emitiera y notificara Resolución concediéndole la custodia compartida del menor, al amparo de la Resolución notificada el 16 de agosto de 2023.

Tras oponerse a la *Moción en Solicitud Para Que Se Dicte Nueva Resolución* presentada por el Recurrido, el 25 de agosto de 2023, la señora Cardona Alemán presentó moción en la que solicitó breve término final de cinco (5) días para informar sobre la contratación del perito o en su defecto, solicitó al TPI que le permitiera hacer planteamientos para impugnar el perito del tribunal.[22] El recurrido se opuso a la solicitud de la Peticionaria, mediante moción presentada el 27 de agosto de 2023, en la que solicitó al foro primario que reafirmara la Resolución notificada 16 de agosto de 2023 en la cual concedió la custodia compartida a ambos

---

[19] Véase página 150 del Apéndice del *Certiorari.*
[20] Véase páginas 151-153 del Apéndice del *Certiorari.*
[21] Véase páginas 154-155 del Apéndice del *Certiorari.* (Entrada Núm. 91 de SUMAC)
[22] Véase páginas 156-159 del Apéndice del *Certiorari.*

progenitores del menor y que, de no proceder lo solicitado, ampliara las relaciones paternofiliales con el menor.[23] De igual forma peticionó que no concediera término adicional a la Peticionaria.

Ante este cuadro de hechos procesales, el 28 de agosto de 2023, el foro primario emitió y notificó *Resolución y Orden*.[24] Mediante ésta, el TPI ordenó a ambas partes cumplir con la *Orden* de *Señalamiento de Conferencia con Antelación a Vista Evidenciaria Sobre Impugnación de Informe Social* emitida el 18 de agosto de 2023; ordenó a la señora Cardona Alemán a incluir el informe del perito en el informe de conferencia con antelación a vista evidencia de tener alguna prueba pericial para ser presentada y le concedió cuatro (4) días para expresarse sobre la solicitud del señor Agramonte Nieves de ampliar las relaciones paternofiliales, so pena de modificarlas de no comparecer en el término concedido.

En respuesta, el 1 de septiembre de 2023, la Peticionaria presentó *Moción [en] Cumplimiento de Orden y Oposición a Solicitud del Demandado*.[25] Allí solicitó al TPI que denegara la solicitud del Recurrido de ampliar las relaciones paternofiliales, que proveyera el calendario para el descubrimiento de prueba y que señalara vista de impugnación de Informe Social. Conforme a lo antes expuesto, afirmó que el estado de derecho es la Sentencia emitida el 18 de noviembre de 2022, hasta tanto se celebre la vista de impugnación de Informe Social. Mediante Orden emitida y notificada el 6 de septiembre de 2023, el foro primario ordenó a ambas partes a cumplir con la Orden de 28 de agosto de 2023.[26]

Por su parte, el señor Agramonte Nieves presentó el 10 de septiembre de 2023, *Moción en Relación a Informe de Conferencia y en Solicitud Para Que Se Acojan Recomendaciones del Informe*

---

[23] Véase páginas 160-169 del Apéndice del *Certiorari*.
[24] Véase páginas 170-171 del Apéndice del *Certiorari*.
[25] Véase páginas 172-176 del Apéndice del *Certiorari*.
[26] Véase página 177 del Apéndice del *Certiorari*.

*Social.*[27] Sobre el particular, el recurrido solicitó al foro primario que debido al incumplimiento de la Peticionaria con la Orden de 18 de agosto de 2023, procedía que el TPI elevara la recomendaciones del Informe Social a Resolución.

En oposición, el 11 de septiembre de 2023, la señora Cardona Alemán presentó *Moción en Cumplimiento de Orden Anunciando Perito y Reconsideración.* En dicha moción, además de anunciar la perito contratada, la Peticionaria solicitó al foro primario que reconsiderara las determinaciones interlocutorias hechas el 28 de agosto y el 6 de septiembre de 2023, en las que ordenó a las partes a preparar un Informe con Antelación al Juicio. Además, peticionó que se autorizara el acceso al Informe Social Forense de la Perito contratada por ésta; que se dispusiera el calendario para el descubrimiento de prueba y que se señalara vista de impugnación de Informe Social.[28]

Así las cosas, el **12 de septiembre de 2023**, el foro primario emitió *Resolución* en la que estableció que la custodia del menor sería compartida entre ambos progenitores y estableció un plan de custodia compartida en semanas alternas de lunes a lunes.[29] En la aludida Resolución el TPI fundamentó su determinación en el Informe Social Forense rendido el 20 de julio de 2023 por la Unidad Social y el incumplimiento con la Orden emitida por el foro primario el **18 de agosto de 2023,** en la cual ordenó a las partes de epígrafe a someter el Informe Preliminar entre Abogados en o antes del 11 de septiembre de 2023, so pena de sanciones. En igual fecha, 12 de septiembre del presente año, el foro primario emitió Orden en la que declaró sin lugar la *Moción en Cumplimiento de Orden Anunciando Perito y Reconsideración.*[30]

---

[27] Véase páginas 178-184 del Apéndice del *Certiorari.*
[28] Véase páginas 185-188 del Apéndice del *Certiorari.*
[29] Véase *Resolución* de 12 de septiembre de 2023 a las páginas 1-4 del *Certiorari.*
[30] Véase notificación de *Orden* a la página 6 del Apéndice del *Certiorari.*

En desacuerdo, la señora Cardona Alemán presentó el recurso de epígrafe el cual acogimos como *certiorari* y al que anejó *Urgente Moción en Auxilio de Jurisdicción*. Mediante el recurso de epígrafe la Peticionaria señala la comisión de los siguientes errores por parte del foro primario:

> ABUSÓ DE SU DISCRECIÓN EL TPI AL ARCHIVAR LA SOLICITUD DE IMPUGNACIÓN DE INFORME SOCIAL ANUNCIADA POR LA PARTE APELANTE, DE LA FORMA MÁS ONEROSA SIN APLICAR RIGUROSAMENTE LA REGLA 39.2 DE LAS DE PROCEDIMIENTO CIVIL EN CRASA VIOLACIÓN AL DEBIDO PROCESO DE LEY DE LA PETICIONARIA Y EN DETRIMENTO DEL INTERÉS ÓPTIMO DEL INFANTE HIJO DE LAS PARTES.

> ABUSÓ DE SU DISCRECIÓN EL TPI AL LIMITAR A 24 DÍAS EL TÉRMINO PARA REALIZAR EL DESCUBRIMIENTO DE PRUEBA, CONTRATAR EL PERITO, ANALIZAR Y PREPARAR EL INFORME SOCIAL IMPUGNATORIO, PREPARAR Y PRESENTAR EL INFORME CON ANTELACIÓN A JUICIO LO CUAL RESULTÓ EN UNA CRASA VIOLACIÓN AL DEBIDO PROCESO DE LEY A LA PARTE AQUÍ COMPARECIENTE.

Mediante *Resolución* de 25 de septiembre de 2023, declaramos No Ha Lugar la solicitud de auxilio de jurisdicción presentada por la señora Cardona Alemán.

Por su parte, el señor Agramonte Nieves comparece ante nos mediante *Alegato en Oposición.* Allí expone que procede confirmar la Resolución de 12 de septiembre de 2023. En apretada síntesis, razona el Recurrido que surge del tracto procesal del caso de epígrafe que desde que fue sometido el Informe Social Forense, el 20 de julio de 2023 la Peticionaria dilató los procesos como estrategia para mantener la custodia monoparental del menor e incumplió con los términos y plazos concedidos por el foro primario tanto para impugnar dicho Informe Social Forense como para anunciar perito y para coordinar y presentar el Informe Preliminar entre Abogados cuyo plazo vencía el 11 de septiembre de 2023.

## II

## -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones[31] de un foro inferior.[32] Esta facultad discrecional de los tribunales apelativos, para expedir o denegar un recurso de *certiorari,* está limitada por la Regla 52.1 de Procedimiento Civil de Puerto Rico[33], que establece cuáles asuntos interlocutorios serán revisables.

Esta norma procesal faculta nuestra intervención en situaciones determinadas. En específico, dispone que:

> [...]

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales[34].

Una vez el tribunal apelativo determina que la resolución interlocutoria es revisable según la Regla 52.1, *supra,* procede su

---

[31] "[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019).

[32] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

[33] 32 LPRA Ap. V, R. 52.1.

[34] Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. Véase *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

evaluación al amparo de otros parámetros. Así pues, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros.[35] Al ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar.[36] Éstos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Este recurso debe ser utilizado con cautela y por razones de peso.[37] Solo procede "cuando no existe un recurso de apelación o cualquier otro recurso ordinario que proteja eficaz y rápidamente los derechos del peticionario", o en aquellos casos en los que la ley no provee un remedio adecuado para corregir el error señalado.[38] No obstante, y a pesar de que la Regla 52.1, *supra*, no lo contempla, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia. Según destacó nuestro Tribunal Supremo en *I.G. Builders et al. v. B.B.V.A.P.R.*, *supra*, págs. 336-339, como foro apelativo debemos realizar un análisis más cauteloso de

---

[35] Véase *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).
[36] 4 LPRA Ap. XXII-B, R. 40.
[37] *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009).
[38] *Íd.*

los criterios provistos por la Regla 40, *supra*, en aquellos escenarios que no pudieran ser revisables al amparo de la Regla 52.1, *supra.* Tal es el caso de las determinaciones post sentencia, que de otro modo no pudieran ser revisadas. Es en estos supuestos que la Regla 40 de nuestro Reglamento, *supra,* adquiere mayor relevancia pues, de ordinario, "no están disponibles métodos alternos para asegurar la revisión de la determinación cuestionada". Véase, *IG Builders et al. v. BBVAPR, supra,* a la pág. 339. Tratándose de la revisión de una determinación interlocutoria emitida *post* sentencia el *certiorari* es el instrumento adecuado para la revisión de lo resuelto. *Negrón García v. Srio. de Justicia,* 154 DPR 79 (2001).

Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[39] Esta norma de deferencia también aplica a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[40]

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión".[41]

---

[39] *Coop. de Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[40] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[41] 32 LPRA Ap. V, R. 49.2.

### III

Es la contención de la señora Cardona Alemán que mediante las Resolución y Orden recurridas el foro primario incurrió en abuso de discreción.

Visto el recurso de *certiorari* a través de los criterios de la Regla 40 del Reglamento de este Tribunal y conforme los hechos antes expuestos, procede denegar el auto de *certiorari* solicitado por la señora Cardona Alemán. Esta no es la etapa más propicia para considerar intervenir.

Es preciso destacar que si bien a manera de excepción, la Regla 52.1, *supra*, nos autoriza a revisar asuntos referentes a relaciones de familia, ejercemos dicha facultad discrecional conforme a los criterios de la Regla 40, *supra,* en la que prevalece la norma de deferencia en la revisión de órdenes interlocutorias razonables.

Tras un análisis del tracto procesal que motiva la presentación del recurso de epígrafe, entendemos que no está presente ninguno de los criterios que establece la Regla 40 de nuestro Reglamento, *supra*, que justifiquen la intervención con la Resolución ni con la Orden recurrida mediante la expedición el auto de *Certiorari,* solicitado por la peticionaria. Nuestra intervención en esta etapa de los procedimientos ocasionaría una dilación innecesaria en la adjudicación final del caso y la denegatoria a la expedición el auto no ocasiona un fracaso de la justicia.

Nuestra deferencia al juicio y discreción del foro primario se fundamenta en que **los foros apelativos no debemos manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia**. Ello obedece a que es el foro primario el que mejor conoce las particularidades del caso y el que está en mejor posición para tomar las medidas procesales que permiten el curso adecuado hacia su disposición final.   Con estos antecedentes,

procede denegar la expedición del auto de *certiorari*, solicitado por la señora Cardona Alemán.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Resolución, denegamos la expedición el auto de *certiorari* solicitado por la Peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS<br>Secretaria del Tribunal de Apelaciones